JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID KRAMER

**(b)** County of Residence of First Listed Plaintiff: Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esquire; Console Mattiacci Law
110 Marter Ave, Suite 502; Moorestown, NJ 08057
856-854-4000

## DEFENDANTS
PROPERTY SOLUTIONS, INC.

County of Residence of First Listed Defendant: Burlington County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq., ("ADA"); N.J.S.A. 10:5-1, et seq. ("NJLAD")
Brief description of cause:
Plaintiff brings claims against former employer for wrongful termination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 09/20/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KRAMER<br>Mt. Laurel, NJ 08054 | CIVIL ACTION NO. |
| Plaintiff,<br>v. | |
| PROPERTY SOLUTIONS, INC.<br>323 New Albany Rd.<br>Moorestown, NJ 08057 | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, David Kramer, a dedicated and successful employee of Defendant, Property Solutions, Inc. ("Defendant"), who suffered from Stage IV prostate cancer brings this action for disability discrimination. Plaintiff, who received his radiation treatments during his lunch hour so as to not miss any work for Defendant, was notified of his termination on or about September 7, 2016 shortly following his first chemotherapy treatment. Prior to his termination, Plaintiff had informed Defendant of both his diagnosis and resulting treatment plan, including his need for regular radiation and chemotherapy sessions. Plaintiff now brings this action against Defendant for violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

## II. PARTIES

1. Plaintiff, David Kramer, is an individual and a citizen of the State of New Jersey. He resides in Mt. Laurel, New Jersey 08054.

2. Defendant is New Jersey corporation headquartered at 323 New Albany Road, Moorestown, New Jersey 08057.

3. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of New Jersey.

4. At all times material hereto, Defendant maintained a business location at 323 New Albany Road, Moorestown, NJ, 08057

5. At all times material hereto, Plaintiff worked out of Defendant's Moorestown, New Jersey office.

6. At all times material hereto, Defendant employed fifteen (15) or more employees.

7. At all times material hereto, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

8. At all times material hereto, Defendant was an employer within the meaning of the statutes which forms the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which forms the basis of this matter.

## III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the ADA and the NJLAD.

11.  The District Court has jurisdiction over Count I (ADA) pursuant to 28 U.S.C. §1331.

12.  The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367.

13.  Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

14.  On or about December 2, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein. Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.  On or about June 22, 2017, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Plaintiff's EEOC Charge. Attached hereto, and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

16.  Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### III. FACTUAL ALLEGATIONS

17.  Plaintiff was hired by Defendant on or about July 15, 2015 as Director of Sales and Marketing.

18.  Defendant is a leading provider of comprehensive environmental and engineering consulting services. In that capacity, Defendant offers the following services, without limitation:

3

environmental assessment; seismic risk assessment; remediation; industrial hygiene; and, construction management services.

19. From the time of his hire until his termination, Plaintiff reported to Tim Downes ("Downes"), Principal of Defendant.

20. As Director of Sales and Marketing, Plaintiff was tasked with leading Defendant's marketing efforts, including by executing sales by establishing and maintaining relationships with clients and potential clients, building and managing a sales team, developing new business, developing an internet marketing presence and establishing an overall sales structure.

21. At all times material hereto, Plaintiff performed his job in an exemplary manner, including without limitation by revitalizing Defendant's internet presence and its use of technology and/or internet based sales tools, winning back large accounts and bringing in new sales.

22. On or about May 21, 2016, Plaintiff underwent surgery to address then unexplained pain in his lower spine and related symptoms.

23. Plaintiff was hospitalized following surgery for approximately five days.

24. Plaintiff informed Downes of his surgery and made arrangements to work from home during his convalescence.

25. Earlier in his employment, Downes had told Plaintiff that in taking an earned sick day he was taking a "dick day." Plaintiff understood Downes to be calling him a "dick" for taking a sick day and discouraging him from taking any earned sick time.

26. Plaintiff continued to perform all of his job duties, albeit from his home office, while he recovered from surgery.

27. Plaintiff returned to the office on or about May 30, 2016.

4

28. Plaintiff was required to wear a back brace following surgery. When Downes saw Plaintiff wearing his medically necessary back brace he told Plaintiff, "Only women wear back braces."

29. Shortly after his return to the office, Plaintiff was diagnosed with stage four prostate cancer following testing on material removed during Plaintiff's surgery.

30. As a person with cancer, Plaintiff was substantially limited in major life activities, including, but not limited to, normal cell growth.

31. On or about June 8, 2016, Plaintiff notified Downes of his cancer diagnosis and shared details related to both the diagnosis, the likely treatment plan and the likelihood that he would need some time off during his treatment.

32. During that conversation, Plaintiff told Downes that he would be able to perform his job duties at all material times during his treatment but may require the reasonable accommodation of taking time of which would mean the use of earned and unused sick time.

33. On or about June 9, 2016, Plaintiff sent an email to Andrew S. Myers ("Myers"), Chief Financial Officer and Sarah Arnold ("Arnold"), Human Resources informing them of his cancer diagnosis and his need for medical treatment.

34. In the same email, Plaintiff told Myers and Arnold that his physicians expected him to be able to work through chemotherapy. Plaintiff detailed his treatment plan to indicate that it included several courses of chemotherapy and notified Myers and Arnold that he may need the reasonable accommodation of taking days off for chemotherapy.

35. Plaintiff did not receive any response to his June 9, 2016 email.

36. Beginning in or about late June, 2016, Plaintiff began receiving radiation treatments during his lunch hour. He returned to work each day immediately following his treatment.

37. In or about July, 2016, and after notifying him of his cancer diagnosis, Downes, told Plaintiff that he would not receive a pay increase for the coming fiscal year.

38. While receiving radiation, Plaintiff remained engaged in Defendant's sales and marketing initiatives and consistently performed his duties.

39. On or about August 25, 2016, Plaintiff had his first chemotherapy treatment.

40. Plaintiff used one of his earned sick days to receive chemotherapy.

41. Approximately thirteen days later, on or about September 7, 2016, and just prior to Plaintiff's second chemotherapy treatment, Myers and Arnold told Plaintiff that he was terminated, effective immediately.

42. The only reason given for his termination was the "company's poor performance."

43. To the best of Plaintiff's knowledge, he was the only employee terminated at that time due to the "company's poor performance."

44. Prior to his termination, Plaintiff did not receive any warnings from Defendant about his performance nor was he told that his employment was in jeopardy.

45. Following his termination, Plaintiff's job duties were performed by employees who were not diagnosed with and/or being treated for cancer.

46. At all times material hereto, Plaintiff performed the essential functions of his job.

47. Defendant did not engage in the interactive process related to Plaintiff's request for a reasonable accommodation, including, without limitation, the use of his earned sick days while he received medical treatment for his disability.

48. Defendant did not provide Plaintiff with any reason why it could not provide Plaintiff with the reasonable accommodation he requested, including, without limitation, the use of his earned sick days while he received medical treatment for his disability.

49. Defendant failed to provide a legitimate, non-discriminatory reason for the discriminatory conduct to which Plaintiff was subjected, including without limitation, in connection with Defendant's failure to provide a reasonable accommodation, Defendant's failure to engage in the interactive process and in Plaintiff's termination by Defendant.

50. Defendant's stated reason for the discriminatory conduct as set forth above to which Plaintiff was subjected is false and pre-textual.

51. Plaintiff's disability, including, without limitation, his record of disability, Defendant's regarding of him as having a disability and his request for a reasonable accommodation, was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff.

52. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

53. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

54. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

## COUNT I - ADA

57. Plaintiff incorporates herein by reference paragraphs 1 through 56 above, as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination against Plaintiff, including without limitation: failing to provide Plaintiff with a reasonable accommodation for his disability; failing to engage in the interactive process regarding same; and, terminating Plaintiff, Defendant has violated the ADA.

59. Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

60. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

## COUNT II – NJLAD

63. Plaintiff incorporates herein by reference paragraphs 1 to 62 above, as if set forth herein in their entirety.

64. By committing the foregoing acts of discrimination against Plaintiff, including without limitation: failing to provide Plaintiff with a reasonable accommodation for his disability; failing to engage in the interactive process regarding same; and, terminating Plaitniff, Defendant has violated the NJLAD.

65. Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendant.

66. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory and unlawful acts unless and until this Court grants the relief requested herein.

68. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be a violation of the NJLAD;

(c) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(d) enjoining and restraining permanently the violations alleged herein;

(e) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory, retaliatory, and unlawful misconduct;

(f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(g) awarding punitive damages to Plaintiff;

(h) awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i) awarding Plaintiff such other damages as are appropriate under the ADA and the NJLAD; and

(j) granting such other and further relief as this Court deems appropriate.


CONSOLE MATTIACCI LAW, LLC

Dated: September 20, 2017                BY: _____
Stephen G. Console (04028-1983)
Katherine C. Oeltjen (57372013)
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
Telephone: (856) 854-4000
Facsimile: (215) 565-2852
*Attorneys for Plaintiff David Kramer*

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | FEPA<br>x EEOC | 530-2017-00779 |

| STATE OR LOCAL AGENCY: New Jersey Division on Civil Rights | | |
|---|---|---|
| NAME (Indicate Mr., Ms., Mrs.)<br>David Kramer | HOME TELEPHONE NUMBER (Include Area Code)<br>(609) 217-7273 | |
| STREET ADDRESS<br>[redacted] | CITY, STATE AND ZIP<br>Mt. Laurel, NJ 08054 | DATE OF BIRTH<br>[redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Property Solutions, Inc. | NUMBER OF EMPLOYEES<br>More than 25 | TELEPHONE (Include Area Code)<br>(856) 813-3000 |
|---|---|---|
| STREET ADDRESS<br>323 New Albany Rd | CITY, STATE AND ZIP<br>Moorestown, NJ 08057 | COUNTY<br>Burlington County |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Race  Color  Sex  Religion  National Origin<br>Retaliation  Age  xx Disability  Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Continuing Violation, Latest Date 9/7/16 |
|---|---|

THE PARTICULARS ARE:

A.

1. **Relevant Work History**

I was hired by Respondent, Property Solutions Inc., ("Respondent") on or about July 15, 2015 as Director of Sales and Marketing. Respondent is a leading provider of comprehensive environmental and engineering consulting services. In that capacity, Respondent offers the following services: environmental assessment; seismic risk assessment; remediation; industrial hygiene; and, construction management services. At all times material hereto, I reported to Tim Downes, ("Downes") Principal. As Director of Sales and Marketing, I was tasked with leading Respondent's marketing efforts, including effectuating sales through reestablishing relationships with previous clients, building and managing a sales team, building new business, developing internet marketing tools, and establishing an overall sales structure.

| _X_ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: [signature] Charging Party (Signature)<br>12/2/2016 | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day-Month, and year) |

## EEOC Charge of Discrimination
## Page 2 of 3

I consistently demonstrated excellent and dedicated performance during my employment. By way of example only, understanding the importance of maintaining a fresh and dynamic presence on the internet, I spearheaded efforts to revitalize Respondent's internet presence—a process that had lain dormant for some time prior to my arrival to the organization. In addition, I implemented a training program for Respondent's Los Angeles office and supported Downes on demand in a number of his often-shifting initiatives, including, without limitation, development of sales tools for creation of expanded services to generate new streams of revenue.

2. **Harm Summary**

A.   I believe that Respondent has discriminated against me because of my "disability." Evidence of discriminatory conduct includes, but is not limited to the following:

1. On or about Saturday May 21, 2016, I underwent emergency surgery to address pain that I was experiencing in my lower spine and related symptoms. I spent approximately five days in the hospital recovering from surgery.

2. Shortly after May 21st, I notified Downes of my surgery and made arrangements to work from home while I convalesced. I continued to perform my job duties during my recovery, but from home rather than the office.

3. Earlier in my employment, when I notified Downes that I was taking one of my earned sick days, he referred to it as a "dick day." I understood Downes to be calling me a "dick" for taking a sick day.

4. I returned to work in the office on or about May 30, 2016. I was required to wear a back brace to the office. The brace did not interfere with the performance of my job duties in any way. Upon seeing the back brace, Downes commented, "only women wear back braces."

5. Shortly after Memorial Day, 2016 I was diagnosed with an additional "disability" after doctors removed cancerous material during my surgery.

6. On June 8, 2016, I notified Downes of my cancer diagnosis and provided details about my "disability." I assured Downes that my performance at work would not be impacted by my "disability."

7. On June 9, 2016, I sent an email ("June 9th Email") to Andrew S. Myers ("Myers") (non-disabled)[a], Chief Financial Officer and Sarah Arnold ("Arnold") (non-disabled), Human Resources, informing them of my cancer diagnosis and my need for treatment for same.

8. Also in the June 9th Email, I informed Myers and Arnold that my physicians expected me to be able to perform all of the essential functions of my job throughout my course of treatment. I further described my treatment plan as including chemotherapy.

---

[a] Designations of any individual's disability status is made based upon Charging Party's information and belief.

**EEOC Charge of Discrimination**
**Page 3 of 3**

9. I did not receive any response to the June 9th Email.

10. Beginning on July 7, 2016, I received radiation treatments during my lunch-hour, returning to work each day immediately following.

11. At the same time, I remained actively engaged in Respondent's sales and marketing initiatives, consistently performing my duties, including planning a comprehensive Internet marketing campaign designed to launch in tandem with Respondent's new website, coordinating photography associated with the new website, and continuing to prospect for new business opportunities—soliciting quotes for new projects by both telephone and email.

12. On August 25, 2016, I had my first chemotherapy session, taking one of my earned sick days so that I could receive the treatment.

13. Before I could receive my second chemotherapy treatment, on September 7, 2016, Myers and Arnold notified me that my employment was terminated, effective immediately.

14. The only reason given for my termination was the company's poor performance, however, upon information and belief, I was the only employee notified of my termination at that time. Specifically, during the termination meeting, Myers stated, "we haven't done this before."

15. I had not been previously warned that my termination could result from declining sales.

**B.    Respondents' Stated Reasons**

Respondent's stated reason for my termination, the company's poor performance, is pretext for the discriminatory reason for my termination, my "disability."

**C.    Statues and Bases of Allegations**

Respondent's conduct, including, without limitation, my termination, was discriminatory based on my "disability" in violation of the Americans with Disabilities Act, 42 U.S.C. §2000e, as amended ("ADA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD").

# EXHIBIT 2

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: David Kramer<br>Mount Laurel, NJ 08054 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00779 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

6/22/17
*(Date Mailed)*

Enclosures(s)

cc: Michele L. Weckerly
Salmon Ricchezza Singer & Turchi, LLP
1601 Market Street
Suite 2500
Philadelphia, PA 19103

Katherine C. Oeltjen, Esq.
CONSOLE LAW
1525 Locust Street
9th Floor
Philadelphia, PA 19102